

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Weldon Glass
District Attorney
308 Presbyterian Bldg.
Texarkana, Texas

Dear Sir:

Opinion No. 0-1601
Re: May an attorney who resides in Texas
and offices in Arkansas, only, and who does
not have a license to practice law in the
State of Texas practice in the courts of
Bowie County, Texas?

We are in receipt of your opinion request bearing
date of October 20, 1939, wherein you propound the following
question:

"Would you kindly give me a written opinion as
to the legality of an attorney who resides in Texas,
with offices in Arkansas only, never having passed
the State Bar of Texas, practicing in the courts of
Bowie County, Texas?"

In answering this question we have construed your
question to mean that the attorney inquired about does not
have a license to practice law in the State of Texas.

Article 320a-1 of Vernon's Annotated Texas Statutes
(Civil Statutes) as passed by the 46th Legislature, designated
as the "State Bar Act," and Section 3 thereof, provides as
follows:

"Section 3. All persons who are now or who shall
hereafter be licensed to practice law in this State shall
constitute and be members of the State Bar, and shall be
subject to the provisions hereof, and the rules adopted
by the Supreme Court of Texas; and all persons not members
of the State Bar are hereby prohibited from practicing
law in this State.
"Within the meaning of this Section, all persons
furnishing evidence of or complying with any of the follow-
ing provisions shall be deemed as not (now) licensed to
practice law within this State, viz:

"(a) That he is now enrolled as an attorney-at-law before the Supreme Court of this State.

"(b) A license or the issuance of a license by the Board of Legal Examiners of this State authorizing him to practice law within this State.

"(c) A license or the issuance of a license to practice law within this State by any authority, which, at the time of the issuance thereof, was authorized by the laws of this State, then in effect, to issue the license.

"(d) Where an attorney, licensed before October 6, 1919, has lost or misplaced his license, issued by legal authority, and where the proof of its issuance is not available in the records of the Court in Texas in which he claims it was issued, then his status as a licensed attorney in this State may be established by a certificate of the District Judge in the District of his residence that such person has been engaged in the practice of law within this State for a period of five (5) years immediately and continuously next preceding the effective date of this Act, and, within the judgment of said District Judge, said attorney has theretofore been duly licensed to practice law under the laws of the State of Texas and is of good moral character. Before any such certificate shall be issued by a District Judge, the Judge shall give an opportunity to the President of the local Bar Association in the County of said Attorney's residence to be heard.

"(e) Any proof satisfactory to the Supreme Court of this State that he is and was, upon the effective date of this Act authorized to practice law within this State. As amended Acts 1939, 46th Leg., S.B. #477, § 1."

Article 308 of the Revised Civil Statutes of Texas, 1925, relating to foreign attorneys, provides as follows:

"The Supreme Court shall make such rules and regulations as to admitting attorneys from other jurisdictions to practice law in this State as it shall deem proper and just. All such attorneys shall be required to furnish satisfactory proof as to good moral character."

Section 10 of the Rules of the Supreme Court of Texas, under the heading of "Attorneys From Other Jurisdictions" provides as follows:

"No nonresident attorney shall be eligible to practice law in Texas without examination, except as otherwise provided in this rule. — — — —

"Nonresident attorneys who reside within the United States, and within five miles of the Texas Border, shall be

"eligible to take the bar examinations, and may practice law in the Texas courts though not citizens of this State, provided they comply with the other provisions of these rules.

"A reputable non resident attorney may, without being licensed to practice law in Texas, participate in the trial or hearing of any particular cause in this State wherein a resident practicing attorney of this State is actually employed, associated, and personally participates with such nonresident attorney."

It is the opinion of this Department and you may be so advised that under the statutes above referred to, the attorney in question clearly is not entitled to practice law in the State of Texas, unless he shall be considered a nonresident attorney. If the attorney in question is a licensed attorney of the State of Arkansas, then and in that event, under the rules of the Supreme Court of Texas, he will be entitled to practice law in the State of Texas, only when he is engaged in the trial or hearing of a particular cause in this State wherein a resident practicing attorney of this State is actually employed, associated, and personally participating with such nonresident attorney.

Trusting that we have satisfactorily answered your question, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Edgar Cale*

Edgar Cale
Assistant

EC:AMM

APPROVED NOV 7, 1939

*Gerald Mann*

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY BWB